15-1509, A Corp., etc. v. All American Plumbing, Inc. Counsel. Good morning, Your Honors. May I please report? Yes, you would start by speaking more directly into the microphone, please, so we can hear  Yes, Your Honor. Good morning, Court. I'm sorry, you can lower the microphone so that you don't have to strain. Thank you, Your Honor. Good morning. Good morning. May I please report? My name is Jenny Liu. I represent the Plaintiff, A Corp., DBA, Rudman. And the issue before the Court this morning is whether this record made an error that it did not have specific personal jurisdiction over the defendant, All American Plumbing, Inc. based on its finding that the defendant's company's website did not specifically target Massachusetts and, therefore, the purposeful availment test was not satisfied. Does the Court want a brief of the fact? Which portion of the statute do you claim you have jurisdiction under? Part A or Part B? The most directly related to this case is Mass General Law 223A, Section 3, Subsection D, because the nature of this action is a trademark infringement. And trademark infringement is an intentional tort. So personal jurisdiction is proper when the injury from the trademark infringement occur when it occurs in Massachusetts, even though the infringing conduct may be said occurs somewhere else. And this Court's decision should be reversed based on the following three reasons. Because the general rule is when defendant's contact with Massachusetts is primarily based on its Internet activities, mere existence of an interactive website is not enough. However... What was interactive about this website? The interactive website, meaning the website has some interactive features, allowing any visitors from their own computer to communicate with the... It gave an email address... Email address, telephone numbers, contact pages... From Arizona. From Arizona. And such a website is continuously accessible in Massachusetts. And in trademark cases, many... Why wouldn't that subject them to jurisdiction any place, if that's all it took? I see the point, Your Honor. There are many cases decided by the district courts, and some of them affirmed by this court. For example, Venture Table Corporation. The court reasoned in trademark scenario, the jurisdiction is probably in Massachusetts when the target of the alleged trademark infringement is a Massachusetts company. The court reasoned when Internet activity itself, it doesn't have the state border lines. It's like you're shooting a gun, fire a gun across the state border lines, reaching Massachusetts. In that scenario, the defendant's purpose is said to be targeting Massachusetts trademark owner. And this is especially the case when defendant knew the trademark owner is located in Massachusetts. Well, putting abstractions to one side, your theory about what they're doing is that they were using your client's trademark to try to get someone in Arizona to purchase something from them in Arizona, rather than purchase it from your client's franchise in Arizona. And so, yes, on an abstract basis, eventually the balance sheet that might be affected through some franchise fee is your client. But in the real practical world, really isn't everything happening in Arizona? I see the point, Your Honor. Because defendant is Arizona-located company, but they post the trademark infringing website through the Internet. Basically, it reach out everywhere, including Massachusetts. But that's what everybody does now. Correct. Virtually every business does now. So unless we're going to suddenly say jurisdiction all over the place, we need to have some sensible rules for deciding what's fair. Exactly. That's fair to say, Your Honor. In those cases, those are cases that are more willing to find purposeful availment is satisfied when the following situation are present. Number one, is the nature of the case a trademark infringement? Number two, defendant opposed to trademark infringement. Why does that matter? Because... This is an initial question of jurisdiction. And I was not aware that there were special rules for trademark infringement as to jurisdiction. And I see no reason why there should be. The cases support jurisdiction in trademark infringement cases, for example... Using the same general standards, don't they? If I understand you, Your Honor, are you asking a question whether or not this court adopted... I'm asking you a question about why it would be sensible to have a rule, a different jurisdictional rule, for trademark infringement cases. Your Honor, because of the nature of the trademark infringement, it's an intentional tort. When defendant sending a trademark infringing website through his website or internet advertisement, it's like they are causing... And they know the trademark owner is located in Massachusetts. Under such a scenario, they know their conduct will cause especially harmful effect in Massachusetts. That's Judge Lasker's theory in Venture, right? And your theory is that, well, the harm will ultimately be a loss of goodwill in the trademark felt by the trademark owner. So that's where we should locate the action. But that would be equally true if they didn't use the internet and they just, in Arizona, put up a sign. The harm would ultimately, under your analysis, be in Massachusetts. So your argument proves too much, unless we give the common practice of posting on the web, on the internet, some significance even in an action where the mechanism of harm occurs only in Arizona. It doesn't quite make sense to me. The harm is to the trademark owner. But that would be true in my example if they just... Suppose they didn't use the internet. They just put a sign in front of their property in Arizona. What you say would still be true.  I see the difference, Your Honor. If they just put a sign in local Arizona, and that infringing material will not be posted on the internet and reach everywhere, including Massachusetts. And that material, if they keep it locally in Arizona, that may not reach Massachusetts. And the purpose... But here the only use of the trademark that will actually harm your client is in Arizona because that's the only place they do business. There's no Massachusetts customer who you're going to lose. Although they are doing their business only in Arizona, they're posting this infringing material through the internet reaching Massachusetts. There's another fact the district court overlooked. Its defendant also, in addition to their company's website, they have an internet advertisement as a rudiment through yellowpage.com. In the ad, they have a website link. It's clickable. Any visitor, if you click that website link, it will direct you to a corp's rudiment website. And that belongs to a Massachusetts company in Massachusetts. And the last... Which actually helped your client then get business that someone thought they were going to the other side. However, we received email and comments from the rudiment franchises, plenty of franchisor, and asking who are these people? Are they a part of us? It caused confusion in Massachusetts, and that damaged and diluted the value of the rudiment trademark belongs to a Massachusetts company. Well, what's the confusion in Mass as opposed to Arizona? In other words, this isn't about the merits of the trademark infringement, which can be heard and adjudicated in Arizona where the infringer is located. It's not about the merits. It's about what contacts do the infringers have with the state of Massachusetts other than the internet, which, once again, goes worldwide. Everyone in the world has access to this website. That's right, Your Honor. You're asking us to adopt a rule that said that... Even though it's not binding on everyone, but you're asking us to adopt a rule that says they subject themselves to the jurisdiction of every state in the United States because they have an interactive website, even though the website itself only talks about business activities in the state of Arizona. We only want this Court to adopt a rule that personal jurisdiction is proper where the trademark owner resides. It doesn't mean every state in the United States, because that's where the especially harmful effect occurs, and that is inconsistent with the Supreme Court's case, Calder v. Jones, which is adopted and followed by many district courts in this jurisdiction. Thank you, Your Honor. Thank you, Counsel. Good morning. If you may please the Court, my name is Albert DeNapoli, and with me is Attorney Matthew Furman. We represent the appellee, All-American Plumbing. I think one of the most important facts before this Court is the nature of the services provided by the appellee. The nature of these services are services which have to be local. These are plumbing services. These are not transportable across the Internet by any means, even if the Internet reached into Massachusetts or any other state. These services are local, have to be performed at the site where the customer is, and have been limited and will always be limited by the appellee to the Arizona region, and therefore trying to say that there has been a harm in Massachusetts due to this Internet for services that are provided in Massachusetts, excuse me, in Arizona. I thought it was interesting in her argument that she did not refer to ultimate customers. She said there was confusion with their franchisees. Apparently they have other operations in Massachusetts. Is that what happened?  What I believe that my sister is alluding to is that there is a Yellow Book ad that was placed by All-American in the Yellow Book, which is also a Web service. And what Yellow Book did is inadvertently hooked its URL for the appellee with the appellants, so that if you hit that, you go through the appellant. Has that been fixed? I'm sorry? Has that been fixed? I can't answer that question, to be honest, Your Honor. I don't know. I thought your brief said that it had been fixed. It may be. I can't stand here personally and tell you I believe it has, but I don't know that. But the fact is, Your Honor, that I think that even under the law, this was an action of a third party. We certainly didn't direct the third party to do this. This was not a voluntary action. I think the law requires that if there is an injury, that for purposes of due process, the court looks at the intentional action of the party here, as to whether they intended certain actions to take place in the form state. And actually, in fact, those harms happened in the form state. So you can't hold the appellee responsible for a Yellow Book ad that inadvertently made a connection that wasn't something that the party actually asked them to do. I think the court's analysis is one of fairness, Your Honor. I think under the due process clause, the idea of whether it would be fair, and if the court, I'm sure, as to the standard that is in the Kessebaum case, basically says that there can't be any jurisdiction in a state unless the party seeks to receive a benefit from that state. And therefore, because they reach out to seek a benefit from that state, it's foreseeable that they would be subject to the jurisdiction of that state. There's nothing here, Your Honor, that supports that ruling in Kessebaum. The Yellow Pages are the national Yellow Pages, or a website that goes everywhere? It's a website, Your Honor, that I think Yellow Pages does not actually print out hard copies anymore, but there is something called the Yellow Book that you can put an ad on. It goes out like any other URL, the website, to any place else that plugs in that address, Your Honor. There's nothing Massachusetts-specific about the Yellow Pages? There's nothing Massachusetts-specific at all. Massachusetts isn't named at all in the website. It's never named in our client's website. This was just another way of doing a, if you will, a local Yellow Page ad, but now because it's done by a website, it goes out everywhere. Okay. And again, Your Honor, for purposes of fairness, that the appellee, All-American Practicing in Arizona, never sought any benefits in Massachusetts, never could see the foreseeability that it would be subject to jurisdiction in Massachusetts, Your Honor. And to take this family-owned plumbing company that has been in operation for years, that has limited its services to Arizona and subject here, I think, to jurisdiction, is beyond the scope and the fairness doctrine under the Due Process Clause. There's no minimum contacts with Massachusetts, Your Honor. I think the fact that my sister argues that under certain trademark infringement cases, those cases take this out of that type of analysis, but I believe that the court in the Walden case, Walden-Fiori, indicated that the Calder case made it clear that just having an injury to a resident in a form isn't sufficient. In the Calder case, there was a libel case that was brought in California, and it was subject to a dismissal as to whether there was jurisdiction there, and the court went on and looked at what contacts the defendant had with the state of California in order to substantiate the libel claim. And it's not the contacts, Your Honor, with the individual who was injured, but it's the contacts with the foreign state.  Your sister is saying that by infringing, that you fired a shot across the state line directly into Massachusetts to harm her client. The court needs to look to see if there was a harm in Massachusetts that was caused by providing plumbing services in Arizona and putting a website talking about those services in Arizona, and whether it was the intention of the defendant to affect a harm in Massachusetts by doing this. Suppose your client, this is a hypothetical, but it's just testing the limits. Suppose there had been a letter from your client saying, here are the addresses we want listed on the yellow pages. And they gave not only your home address in Arizona, but also gave the Massachusetts website email address, so that the third party defense drops out of this. Under those circumstances, would you think she has a plausible claim of jurisdiction in Massachusetts? You'd have to examine those facts to see if it was the intention, again, because I think it's too contested. It's pretty hard for it not to be an intention if it's documented in a letter. Well, it was the intention to cause a harm in Massachusetts. I'm not sure of putting that address would be intended to cause the harm in the state of Massachusetts. So I am not sure. But the fact is, Your Honor, even as to the yellow book, the court needs to take the evidence as supported by this. And as you know, there's no... I just told you it was a hypothetical. Well, I understand that that was a hypothetical. But even going to the facts that are before this court, there is not sufficient facts as to that situation, Your Honor, to support that this third party action should have any bearing on whether there is jurisdiction in the state of Massachusetts. So they have a trademark in Massachusetts. And part of the trademark is their ability to enter into franchise agreements across the United States with their trademark. So they're saying that they're harmed in Massachusetts because if you're operating in Arizona infringing,  because it impacts their ability to assist their franchise owner in Arizona. To the extent you get to the substantive issue as to who is injured by this at all, Your Honor, this is purely an Arizona injury. They have a franchisee there who's claiming... They're saying it's a Massachusetts injury because they are the ones that have the legal capacity to give... in other states. That's what their claim is, Your Honor. But the injury itself is, if there is an injury, is in a confusion in the marketplace that takes place in Arizona. The appellee only works in Arizona, Your Honor. But the second step is there has to be an intention by the party to actually cause harm in Massachusetts. There was no evidence in here that the appellee intended to cause any harm in Massachusetts by providing plumbing services in a website in Arizona. Thank you.